**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 2 8 2011 ★

DOCKET & FILE
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

—————————————————————————X

JOEL L. AMAKER SR.,

        Plaintiff,

   -against-

SUPREME COURT OF THE STATE OF
NEW YORK APPELLATE DIVISIONS:
SECOND JUDICIAL DEPARTMENT,

        Defendant.

—————————————————————————X

**MEMORANDUM & ORDER**

11-CV-02963(KAM)(LB)

**MATSUMOTO, United States District Judge:**

        Plaintiff Joel L. Amaker, Sr. ("plaintiff"), proceeding *pro se*, files this complaint against a court of the State of New York alleging that he was denied his request to proceed on appeal without paying the filing fee. (ECF No. 1, Complaint.) Plaintiff alleges that this denial deprived him of his right of access to the courts. (*Id.*) Plaintiff seeks five million dollars in damages and reversal of the state court's decision denying him leave to prosecute an appeal as a poor person. (*Id.*) Plaintiff's request to proceed *in forma pauperis* (*see* ECF No. 2, Motion for Leave to Proceed in Forma Pauperis) is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. Plaintiff's complaint is dismissed for the reasons stated below.

## I.  **Standard of Review**

In reviewing plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citation omitted).  Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputedly meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

## II.  **Discussion**

The sole defendant to this action, the Supreme Court of the State of New York, Appellate Division, Second Judicial Department, is part of the New York State Unified Court System.[1]

---

[1] It is one of the Appellate Courts of the New York State Unified Court System.  "The Appellate Courts hear and determine appeals from the decisions of the Trial Courts. The Appellate Courts are the Court of Appeals (the highest Court in the State), the Appellate Divisions of the Supreme Court, the Appellate Terms of the Supreme Court, and the County Courts acting as

The New York State Unified Court System is an arm of the State
and is therefore protected by Eleventh Amendment sovereign
immunity.  The Eleventh Amendment of the United States
Constitution states:

> The Judicial power of the United States shall
> not be construed to extend to any suit in law
> or equity, commenced or prosecuted against
> one of the United States by Citizens of
> another State, or by Citizens or Subjects of
> any Foreign State.

U.S. Const. amend. XI.  "Stated as simply as possible, the
Eleventh Amendment means that, as a general rule, state
governments may not be sued in federal court unless they have
waived their Eleventh Amendment immunity, or unless Congress has
abrogate[d] the states' Eleventh Amendment immunity when acting
pursuant to its authority under Section 5 of the Fourteenth
Amendment."  *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009)
(internal quotation marks and citation omitted).  In *Gollomp*, the
Second Circuit conducted an exhaustive review of the cases that
have considered "the question of whether the New York State
Unified Court System is an arm of the State" and found that
"every court" to have considered the question "has concluded that
it is, and is therefore protected by Eleventh Amendment sovereign
immunity."  *Id.*  Thus, the Second Circuit held that "the New York

---

Appellate Courts in the Third and Fourth Judicial Departments."  New York
State Unified Court System, Courts, Appellate, http://www.nycourts.gov/courts/
appellate.shtml (last visited June 21, 2011).

State Unified Court System is unquestionably an arm of the State, and is entitled to Eleventh Amendment sovereign immunity." *Id.* at 368 (internal quotation marks and citation omitted). Because the New York State Unified Court System is entitled to Eleventh Amendment sovereign immunity, this complaint against one of its appellate courts is dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

### CONCLUSION

Accordingly, plaintiff's complaint is dismissed because it seeks monetary relief against a defendant that is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(iii). The Court has considered giving plaintiff leave to amend his complaint, but declines to do so in light of its futility. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that, even reading the *pro se* complaint liberally, it does not "suggest[] that the plaintiff has a claim that []he has inadequately or inartfully pleaded and that []he should therefore be given a chance to reframe" and thus any attempt to replead would be "futile" and "should be denied"); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

/

/

/

/

/

4

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully requested to serve a copy of this order on plaintiff, note such service on the docket, enter judgment dismissing this action, and close this case.

**SO ORDERED.**

/S/

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

Dated:    June **28**, 2011
          Brooklyn, New York