UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOEL L. AMAKER SR.,

               Plaintiff,                               **MEMORANDUM AND ORDER**

    -against-                                                      11-CV-002963 (KAM)

SUPREME COURT OF THE STATE OF
NEW YORK APPELLATE DIVISIONS:
SECOND JUDICIAL DEPARTMENT,

               Defendant.
------------------------------------------------------------X

**MATSUMOTO, United States District Judge:**

        On June 20, 2011, Joel L. Amaker, Sr. ("plaintiff"), proceeding *pro se*, filed this complaint against the Supreme Court of the State of New York, Appellate Division, Second Department, a court of the State of New York alleging that he was denied his request to proceed with his state appeal without paying the filing fee. (ECF No. 1, Complaint). By Order dated June 28, 2011, the instant action in federal court was dismissed. On July 19, 2011, plaintiff filed a "Motion to Vacate Judgement [sic] and Amend Complaint" pursuant to Fed. R. Civ. P. 60(b) and 15(a). (ECF No. 5, Motion to Vacate and Amend).[1] For the reasons set forth below, the motions are respectfully denied.

Motion for Reconsideration

        Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part that a court may relieve a party from a final judgment, order, or proceeding for any of the following reasons:

---

[1] Due to a clerical error, plaintiff did not receive a copy of the Order and Civil Judgment until July 14, 2011 because the Order was sent to 45 Monroe Place, Apt. #7A, instead of 140 Moore Street, Apt. #7A. *Id.*; ECF No. 3, June 28, 2011 Memorandum and Order. The plaintiff's motion is therefore timely.

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is addressed to the "sound discretion of the district court and [is] generally granted only upon the showing of *exceptional* circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (emphasis added), *aff'd*, 501 U.S. 115 (1991). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

On June 28, 2011, the Court dismissed plaintiff's the action because it sought monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii); *Gollomp v. Spitzer*, 568 F. 3d 355, 366 (2d Cir. 2009) (the New York State Unified Court System is entitled to Eleventh Amendment sovereign immunity). In the instant motion, plaintiff does not point to any controlling decisions or data that would alter the Court's conclusion to dismiss his complaint. Instead, plaintiff requests "that this Court reverse, vacate such decision and order of the appellate court in its entirety and other further relieve [sic] this

court deem[s] just and proper." (ECF No. 5-2, Affidavit in Support of Motion to Vacate Judgment and Amendment Complaint, at 2.[2])

I find that the plaintiff has failed to demonstrate the existence of exceptional circumstances warranting reconsideration, or controlling decisions or data that would alter the conclusions reached in the June 28, 2011 Order. Moreover, this Court cannot "reverse [or] vacate such decision of the [state] appellate court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine precludes actions "brought by [a] state-court loser[ ] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). Accordingly, the motion to reconsider the Court's Order dismissing the complaint is DENIED.

## CONCLUSION

Accordingly, the motion for reconsideration is denied. The motion to amend may not be considered because this case is closed, but if it were considered, it would be denied as futile. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

/s/
Kiyo A. Matsumoto
United States District Judge

Dated: Brooklyn, New York
September 19, 2011

---

[2] As the plaintiffs' motion papers were not numbered, this number reflects the page number assigned by the ECF system.